Edward S. Zusman (CA State Bar No. 154366)
ezusman@mzclaw.com
Kevin K. Eng (CA State Bar No. 209036)
keng@mzclaw.com
MARKUN ZUSMAN & COMPTON, LLP
465 California Street, Suite 500
San Francisco, CA 94104
Telephone: (415) 438-4515
Facsimile: (415) 434-4505

Anna M. Rossi (CA State Bar No. 106229)
amrossi@ardmlaw.com
ROSSI & MACDONALD LLP
1120 Ballena Blvd., Suite 100
Alameda, California 94501
Telephone: 510.522.7900

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONIQUE M. NILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br>HEARTHWARE, INC.,<br>Defendant. | Case No. **'13CV0439 JLS  BLM**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Ronique M. Nilson, on behalf of herself and all others similarly situated, except as to those allegations pertaining to Plaintiff or Plaintiff's attorneys, which are based upon personal knowledge, alleges as follows upon information and belief, against the Defendant, Hearthware, Inc. ("Hearthware"):

1. Plaintiff brings this action pursuant to the California False Advertising Law ("FAL") (CAL. BUS. & PROF. CODE § 17500) and California Unfair Competition Law ("UCL") (CAL. BUS. & PROF. CODE § 17200, *et seq*.), to recover damages and/or to seek restitution on behalf of Plaintiff and the members of the Classes defined below.

///

## PARTIES, JURISDICTION AND VENUE

2. Jurisdiction is proper before this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), and other provisions of law. The total amount in controversy in this case exceeds $5,000,000 in the aggregate, there exists at least minimum diversity of citizenship, and the number of putative class members in the aggregate exceeds 100.

3. Hearthware transacts business and offers services for sale in this District. The unfair, fraudulent and wrongful acts described herein have had a direct effect on consumers within this District, and a substantial part of the events giving rise to Plaintiff's claims herein alleged occurred within this District.

4. Defendant Hearthware Inc., an Illinois corporation with its principal place of business in the State of Illinois, markets and sells products throughout the United States, including California. Hearthware publicly disseminated advertising in connection with the marketing and sale of its products.

5. As described hereinafter, Hearthware made virtually the same relevant promises and entered into virtually the same online agreement with Plaintiff and the Classes defined below.

6. Plaintiff Ronique Nilson, is a California citizen, and resident of San Diego County.

## CLASS ACTION ALLEGATIONS

7. Plaintiff brings this action individually and on behalf of all persons and entities within the state of California who, within four years prior to the filing of this action, responded to one of Hearthware's advertisements for the NuWave Precision Induction Cooktop, also known as the "NuWave PIC." Excluded from the Class are governmental entities, Defendant, and its subsidiaries, employees, officers, and directors. Also excluded is any judge, justice, or judicial officer presiding over this matter and Plaintiff's counsel.

8. Due to the nature of the trade and commerce involved, Plaintiff reasonably believes that the Class numbers over one hundred, and that the members of each Class are so numerous and geographically dispersed throughout California, that joinder of the members of either Class is impracticable.

9. Hearthware's unlawful conduct described herein with respect to Plaintiff is generally applicable to the members of each Class. A well-defined community of interest regarding questions of law and fact pertains to this action, and affects all Class members. Questions of law or fact common to the Class predominate over any questions affecting only individual members, including, without limitation, as follows:

    a. Did Hearthware intend to dispose of personal property in California?

    b. Did Hearthware publicly disseminate advertising in California concerning the disposition of personal property in California?

    c. Was Hearthware's advertising untrue, misleading, deceptive and/or fraudulent?

    d. Did Hearthware know its advertising was untrue, misleading, deceptive, and/or fraudulent, or in the exercise of reasonable care should it have known that its advertising was untrue, misleading, deceptive, and/or fraudulent?

    e. Was Hearthware's conduct untrue or misleading within the meaning of California Business and Professions Code § 17500?

    f. Was Hearthware's conduct unlawful within the meaning of California Business and Professions Code § 17200?

    g. Was Hearthware's conduct fraudulent within the meaning of California Business and Professions Code § 17200?

    h. Was Hearthware's conduct unfair within the meaning of California Business and Professions Code § 17200?

   i. Was Hearthware's conduct unfair, deceptive, untrue or misleading advertising within the meaning of California Business and Professions Code § 17200?

10. Plaintiff's claims are typical of the claims of the other members of the Class in that each member of each Class, including Plaintiff, were harmed in substantially the same way by Hearthware's class-wide conduct as set forth herein.

11. Plaintiff adequately represents the Class. Plaintiff has no interests antagonistic to those of each Class, is committed to prosecuting this action, and has retained counsel experienced in class action litigation.

12. A class action is superior to other available methods for purposes of fairly and efficiently adjudicating this controversy. The prosecution of separate actions by individual members of each Class would create the risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Hearthware, contravene principles of judicial economy, and effectively foreclose legal representation for the many Class members whose damages are not large enough to justify the expense of an attorney, especially in litigating against an corporation such as Hearthware.

13. The Class as alleged comports with the criteria for class certification consistent with Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

14. Hearthware was founded in or around 1997 and is in the business of producing various home appliances, including products sold under the "NuWave" brand name. The NuWave product line includes the NuWave Precision Induction Cooktop, also known as the NuWave PIC. The NuWave PIC is advertised extensively throughout the United States and California, including through a video advertisement that is broadcast on television and available through the Internet.

///

4
**CLASS ACTION COMPLAINT**

15. In its advertisements, Hearthware touts numerous advantages of the NuWave PIC, including health benefits, safety, ease of use, and cost effectiveness. The advertisement goes on to promote the NuWave PIC as a "COMPLETE Kitchen ALL-IN-ONE!" that can be used with most cookware. In furtherance of this pitch, the advertisement claims that induction cooking can cost thousands of dollars, whereas the NuWave PIC can be purchased for "4 easy payments of $33.33." The consumer is promised a quick start guide, gourmet DVD, and recipe book for free. At this point in the advertisement, there is no verbal disclosure of any shipping, handling, or processing – only small text on the screen that reads "Plus S&P." In further attempts to induce purchases of the cooktop, Hearthware entices consumers with the offer that it will "drop a payment" so that only 3 payments will be required, resulting in "25% SAVINGS!" Again, there is no verbal disclosure of shipping, handling, or processing – only "Plus S&P" appearing in very small text.

16. Hearthware's advertisement continues by offering a 3 ½-quart stainless steel pot with premium glass lid, touted as "YOURS FREE!" if ordered immediately. The advertisement also offers a steamer basket, two-piece "PerfectGreen" non-stick cookware set, and a 9-piece deluxe fondue kit. The advertisement then includes a further enticement by urging, "Hold on!" and asking, "ARE YOU READY FOR AN AMAZING DEAL?" It then states that when the consumer buys one cooktop, he or she will get a second one "FREE!" There is no verbal disclosure of additional costs – just small text indicating "S&P" for each set. The advertisement then promises that the consumer will get a "free NuWave with all the free bonuses" and that "all you pay is the S&P for each set." To create a sense of urgency, the advertisement continues that the "BUY ONE GET ONE FREE!" offer will not last long, and adds a ticking time indicator.

17. Hearthware adds the further enticement that consumers will be able to try the cooktop "risk free not for 30, not for 60, but 90 days." If, after the trial period, the consumer is dissatisfied, he or she can return the cooktops, "but keep

5
**CLASS ACTION COMPLAINT**

both sets of bonus cookware as your free gifts." It deceptively states that "all you pay is the shipping and processing for each of them." At no point does the advertisement disclose that separate shipping and processing will be charged for each individual cooktop, and for each individual set of "free bonus" cookware. In fact, the advertisement shows two identical images, each displaying the cooktop and a set of free cookware, creating the impression that, at most, separate S&P will be charged for each set, i.e., one cooktop plus cookbook, quick start guide, DVD, and "free bonus" cookware. Hearthware compounds the deceptions by claiming that the cookware alone offers a "$600 Value!" and is not available in stores.

18. The advertisement also urges the consumer to ask about other deals and offers for cookware, or other NuWave appliances. The advertisement concludes with dual images of each "set" of items – made up of one cooktop plus bonus set of cookware, plus cookbook and DVD. It prominently displays "3 EASY PAYMENTS of only $33.33," with the "3" appearing next to a red "X" superimposed over the number "4" to show the purported elimination of one installment, and tout the supposed 25% "discount." The price of "$33.33" is in bright yellow, highlighting it from the rest of the text on the screen. In small text, after the price, the words "Plus S&P" are displayed. There is no verbal mention of S&P whatsoever, just more touting of the "special Buy One Get One Free Offer" and instructions on how to order, and the statement that the consumer should "act now," along with the ticking timer being displayed.

19. At no point in the advertisement does Hearthware identify what is included in S&P, or what the actual costs will be. Instead, it is identified in a deceptive manner, designed to mislead consumers into believing that they will pay much less than the amount that Hearthware intends to charge. Indeed, the emphasis of the advertisement is "3 EASY PAYMENTS of only $33.33," which will buy two sets of each of the following: cooktop, quick start guide, DVD, recipe book, 3 ½-quart stainless steel pot with premium glass lid, stainless steel steamer basket, two-

6
**CLASS ACTION COMPLAINT**

1  piece "PerfectGreen" non-stick cookware set, and a 9-piece deluxe fondue kit.
2  Hearthware makes non-conspicuous, incomplete statements of S&P in its
3  advertisement.  Because of the misleading advertisement, consumers do not know
4  what the S&P charges will be, and do not know what their total cost will be.
5  Consumers do not expect, and cannot reasonably be expected to know, that
6  Hearthware intends to gouge them in "S&P" costs, which total approximately $200
7  or more – double the supposed purchase price for the cooktops.  Hearthware not
8  only charges S&P for the cooktops, but also charges separate S&P for each of the
9  purported "free bonus" sets of cookware.  This fact is not disclosed in the
10 advertisement, nor is the amount of S&P.  Hearthware charges at least $69.95 for
11 each set of "free bonus" cookware.  Based on the advertisement, consumers
12 reasonably believe that they need only pay $99.99, plus the undisclosed S&P
13 charge, and they will receive two complete sets of the NuWave PIC, with each set
14 including a cooktop, cookware, and other items, as shown in the advertisement.
15 Consumers do not believe, and cannot reasonably be expected to believe, that they
16 will be forced to pay at least three separate S&P charges, or that their total cost will
17 be three times the advertised purchase price.
18        20.    Hearthware knowingly caused its advertisement to be broadcast
19 throughout California.  Hearthware also knew that its advertisement is untrue,
20 misleading, deceptive, and/or fraudulent, or in the exercise of reasonable care
21 should have known that the advertisement is untrue, misleading, deceptive, and/or
22 fraudulent.  Hearthware's goal is to sell as many of its NuWave PIC units as
23 possible.  In furtherance of its scheme, Hearthware advertises each PIC unit initially
24 as being available for $133.32, or 4 installments of $33.33 each installment.
25 Hearthware purports to offer a 25% discount by eliminating one of these
26 installments, thus creating the impression that the NuWave PIC can be purchased
27 for under $100.  Hearthware deliberately misleads consumers with its
28 advertisement, and makes vague, confusing, and incomplete statements as to the

"S&P" charges. Its advertisement is misleading and confusing in that it falsely understates the S&P charges that it intends to charge consumers – both as to the amount of individual charges, and in the number of charges it intends to charge each individual consumer for taking part in Hearthware's purported "Buy One Get One Free" offer and "Free Bonus" cookware incentive. Unbeknownst to Plaintiff and other consumers, Hearthware manipulates the purchase price to an artificially low number, while using the misleading and vague S&P charges to reap profits. Thus, its numerous references to "free" and/or "bonus" items are untrue.

21. Hearthware's S&P charges are ostensibly meant to cover shipping and processing charges. In reality, the S&P charges are much higher than Hearthware's actual shipping and processing charges.

22. Further compounding the misleading advertising and S&P practices, Hearthware fails to ship all items that consumers have ordered in a timely fashion. Consumers are forced to wait 30 days or more before receiving all the promised items, during which time Hearthware does not offer a refund or replacement of the missing items.

23. In early September 2012, Plaintiff saw Hearthware's advertisement on television. Plaintiff placed an order in response to Hearthware's advertised Buy One Get One Free Offer, which was to include two separate cooktops, and the two sets of "Free Bonus" cookware. Plaintiff called the telephone number listed in the advertisement. She placed an order for the Buy One Get One Free offer, and specifically told Hearthware that she was calling to order what she had seen on the advertisement.

24. Plaintiff was charged $99.99 for the cooktops. Her cooktops shipped in the same package, but she was charged $69.90 as "Shipping & Handling", or $34.95 for each cooktop. When her package arrived, she opened it and found that there were only two cooktops included in the package. Plaintiff did not see any of the promised "Free Bonus" cookware that had been advertised as part of the special

8
**CLASS ACTION COMPLAINT**

offer. Plaintiff contacted Hearthware by telephone to ask about her missing cookware. Hearthware told Plaintiff that she would not be receiving the "Free Bonus" cookware because she had supposedly chosen not to receive it. Plaintiff again told Hearthware that she had ordered what she had seen on the television advertisement. Hearthware disagreed, and told Plaintiff that she would have to pay separate S&P charges to receive the purportedly Free Bonus cookware. Then, for the first time, Plaintiff learned that she would have to pay nearly as much as she had already been charged before she could receive the promised Free Bonus cookware. Instead of paying just over $100 for the PIC units and matching free bonus cookware, Plaintiff found that she would have to pay over $300 to receive everything promised in the advertised Buy One Get One Free offer.

## CAUSES OF ACTION
## FIRST CAUSE OF ACTION
**Violations of California Business and Professions Code § 17500, *et seq*.**

25. Plaintiff realleges each of the preceding paragraphs as if fully set forth herein, and brings this cause of action, individually and on behalf of the Class.

26. At all relevant times, Hearthware intended to dispose of personal property within the meaning of California Business and Professions Code, § 17500, by marketing its NuWave PIC in California, as described in detail above.

27. Hearthware publicly disseminated the advertisement described in detail above, in connection with the sale and marketing of its NuWave PIC. The advertisement is untrue, misleading, deceptive, and/or fraudulent. Hearthware knew, or in the exercise of reasonable care should have known, that the advertisement is untrue, misleading, deceptive, and/or fraudulent. Hearthware never intended to sell the NuWave PIC at the price that Hearthware's advertisement misled consumers into believing was the actual sale price for the NuWave PIC.
///

28. Hearthware's advertising, which was disseminated in furtherance of its plan to market and sell its NuWave PIC to members of the Class, was untrue, misleading, deceptive, and/or fraudulent in multiple aspects, including, but not limited to:

(a) Hearthware's advertising falsely represented that the NuWave PIC and related free bonus items could be purchased on a Buy One Get One Free basis for a purchase price of less than $100.

(b) Hearthware's advertising failed to disclose adequately and truthfully, that under the Buy One Get One Free offer, consumers would have to pay S&P, shipping and processing, or shipping and handling. Hearthware's advertising does not clearly explain these items, how much they will cost (or even provide an estimate), or how many times Hearthware will charge a consumer for these amounts.

(c) Hearthware's advertising misleads consumers into believing that they will receive two complete sets of all items in a timely manner, when in fact items may be significantly delayed, for periods of longer than 30 days.

29. Plaintiff and the Class have lost money and have suffered injuries in fact as a result of, and in reliance upon, Hearthware's conduct alleged above. Had Plaintiff and the Class known the true facts, they would not have purchased the NuWave PIC. As a result of above-described acts, omissions, concealments, and misrepresentations, Plaintiff and the Class members have been damaged.

## SECOND CAUSE OF ACTION

**Violations of California Business and Professions Code § 17200, *et seq*.**

30. Plaintiff realleges each of the preceding paragraphs as if fully set forth herein, and brings this cause of action individually and on behalf of the Class.

///

31.     Hearthware's business practices in connection with marketing and sale of its NuWave PIC to members of the Class, were unlawful, fraudulent, and/or unfair in multiple aspects, including, but not limited to:

(a) Hearthware never intended to offer its NuWave PIC units for sale at the advertised prices. NuWave knew, or in the exercise of reasonable care should have known, that consumers would be misled into believing that the total cost of purchasing the PIC was much lower than what Hearthware ever intended to charge.

(b) The purported sale price of the NuWave PIC, whether $133.32 (4 installments of $33.33) or the "discounted" $99.99 (3 installments of $33.33), had no relation to the profits that Hearthware intended to reap from its sales of the cooktop. Alone or in conjunction with the Buy One Get One Free offer, Hearthware uses the ostensibly low sales price as a gimmick to entice consumers to place orders. Hearthware's plan is to use, the vague labels of S&P, shipping and processing, or shipping and handling to reap profits. The amount of S&P, shipping and processing, or shipping and handling that Hearthware charges its customers does not reflect Hearthware's actual costs of shipping. Instead, Hearthware uses its "S&P" or similarly termed charges to conceal its profits.

(c) Consumers reasonably believe, based on Hearthware's advertising, that they will be able to purchase the PIC for approximately $100. Consumers reasonably relied on Hearthware's advertising. In reality, because of Hearthware's S&P practice, consumers must pay three times that amount.

32.     Hearthware has engaged in and continues to engage in unlawful business practices in violation of the UCL, including, but not limited to:

///

     (a)    Disseminating advertising in California in connection with the NuWave PIC that is untrue, misleading, deceptive, and/or fraudulent, in violation of Business and Professions Code § 17500, and Hearthware's own company policies.

     (b)    Excessively billing consumers for S&P, shipping and processing, or shipping and handling at substantial markup, rather than at cost, in violation of Hearthware's own company policies, and other laws including Illinois Retailers' Occupation Tax regulations 130.410 and 130.415, Illinois Service Occupation Tax regulation 140.301, California Sales and Use Tax Regulations, Article 12, Regulation 1628.

     (c)    Failing to provide all items promised to consumers within 30 days, without offering refund or replacement with comparable or superior goods, in violation of Business and Professions Code § 17538.

33.    Hearthware has engaged in and continues to engage in unfair business practices in violation of the UCL, including, but not limited to, employing the advertising and business practices set forth above, which are immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers. Hearthware's business practices alleged above harms consumers, while benefitting no one other than Hearthware. Further, Hearthware's business practices cause substantial consumer injury, yield no benefits to consumers or competition, and causes an injury that consumers cannot reasonably have avoided.

34.    Hearthware has engaged in and continues to engage in fraudulent business practices in violation of the UCL, including, but not limited to, employing the advertising and business practices set forth above, which are likely to deceive consumers and members of the public.

///

35. Hearthware has engaged in and continues to use unfair, deceptive, untrue or misleading advertising in violation of the UCL through its advertising in connection with the NuWave PIC, as alleged above.

36. Had Plaintiff and the Class known the true facts, they would not have purchased the NuWave PIC. As a result of the above-described acts, omissions, concealments, and misrepresentations, Plaintiff and the Class members have been damaged.

37. Plaintiff requests restitution of those amounts unlawfully obtained from Plaintiff and the Classes by Hearthware as a result of the conduct set forth above, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. An order certifying the Class defined above, and appointing Plaintiff as representative of the Class and Plaintiff's counsel as class counsel;

b. A finding and declaration that Hearthware, by its above-described conduct, has violated California Business and Professions Code § 17500 *et seq.*;

c. A finding and declaration that Hearthware, by its above-described conduct, has violated California Business and Professions Code § 17200 *et seq.*;

d. An award of restitution, including interest thereon, to Plaintiff and the Class;

e. Reasonable attorney's fees and costs; and

f. Such further and other relief the Court deems appropriate.

///
///
///
///

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all matters so triable.

February 25, 2013

Respectfully submitted,

MARKUN ZUSMAN & COMPTON LLP

By: s/Kevin K. Eng
E-mail: keng@mzclaw.com

February 25, 2013

ROSSI & MACDONALD LLP

By: [signature]
E-mail: amrossi@ardmlaw.com

Attorneys for Plaintiff Ronique M. Nilson, individually and on behalf of all others similarly situated

**CLASS ACTION COMPLAINT**